UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  CV21-04433-SB-(AFMx)                                            Date:  November 9, 2021

Title     Joanne Bustillos v. West Covina Corporate Fitness, Inc.

Present: The Honorable:     ALEXANDER F. MacKINNON, U.S. MAGISTRATE JUDGE

| Ilene Bernal | XTR |
|---|---|
| Deputy Clerk | Recorder |

Attorneys Present for Plaintiff:            Attorneys Present for Defendant:

Manuel S. Hiraldo                           Paul D. Harshaw

**Proceedings:  RE PLAINTIFF'S MOTION TO COMPEL (ECF ##26, 29)**

A telephonic hearing was held on November 9, 2021 regarding Plaintiff's motion to compel.  As stated on the record and below, the motion to compel is granted in part.  To the extent the motion is denied, the denial is without prejudice at this time.

1. Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  Discovery need not be admissible in evidence to be discoverable.  *Id.*  However, a court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).  Boilerplate objections to discovery are not appropriate, and in response to Rule 34 requests for production, a party is required to indicate whether documents are being withheld as a result of each objection and shall state when responsive documents will be produced.  Further, the Federal Rules must be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV21-04433-SB-(AFMx)                                                      Date:  November 9, 2021

Title      Joanne Bustillos v. West Covina Corporate Fitness, Inc.

2.  Prior to class certification, discovery is typically permitted in the discretion of the court. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009); *Shaw v. Experian Information Solutions, Inc.*, 306 F.R.D. 293, 297 (S.D. Cal. 2015); *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006).  "Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).  On the other hand, once the plaintiff shows that discovery is likely to produce substantiation of the class allegations, it may be an abuse of discretion to deny precertification discovery.  *Perez v. Safelite Group Inc.*, 553 F. App'x 667, 668-669 (9th Cir. 2014).

3.  In this case, Plaintiff (individually and on behalf of a putative class) alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), by making approximately 4000 unsolicited prerecorded telephone calls in February 2021 to individuals including Plaintiff.  The requests for production and interrogatory at issue seek documents and information regarding Plaintiff's claims and those of the putative class.  In response, Defendant has primarily asserted boilerplate objections of overbreadth, burden, oppression, and harassment, as well as asserting that responding to the requests would violate privacy rights of individuals who received the unsolicited prerecorded messages.  At the hearing, Defendant's counsel argued against Plaintiff's proposed class and contended that responding to the pending discovery at issue on a class basis would pose an inordinate burden on his client.  Plaintiff has previously taken a 30(b)(6) deposition of Defendant that provides information regarding prerecorded calls.

4.  As stated at the hearing, the Court finds that the discovery at issue is relevant to the claims and defenses in the case and proportional to the needs of the case.  Because the case is in the pre-certification stage, the Court has applied its discretion to determine how much of the pending discovery needs to be answered at this time.  Plaintiff has also narrowed the scope of the requests that it needs at this time, and the Court finds that narrowed scope is appropriate, not unduly burdensome, proportional and necessary discovery prior to class certification.

5.  With regard to privacy concerns, federal courts recognize a general right to privacy that can be raised in response to discovery requests.  *Dowell v. Griffin*, 275 F.R.D. 613, 617 (S.D. Cal. 2011); *Artis v. Deere & Co.*, 276 F.R.D. 348, 352-353 (N.D. Cal. 2011).  The right of privacy is not an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV21-04433-SB-(AFMx)                                               Date:  November 9, 2021

Title         Joanne Bustillos v. West Covina Corporate Fitness, Inc.

absolute bar to discovery.  Rather, the resolution of a privacy objection requires a balancing of the need for the particular information against the claimed privacy right.  *See Artis*, 276 F.R.D. at 352-353.  "In class action suits, the disclosure of names, addresses, and telephone numbers is commonly allowed, because such disclosure 'does not involve revelation of personal secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy.'"  *Shaw*, 306 F.R.D. at 301 (quoting *Artis*, 276 F.R.D. at 353).  Here, balancing the competing interests, the Court finds that Plaintiff's interest in identifying potential class members and witnesses outweighs the Defendant's concern regarding privacy interests in their names and personal contact information.  Other courts have reached the same conclusion in similar cases.  *See Henderson v. JPMorgan Chase Bank*, 2012 WL 12888829, at *4 (C.D. Cal. July 31, 2012) (plaintiffs' interest in identifying potential class members and witnesses here outweighed defendant's concern regarding its employees' privacy interests in their names and personal contact information); *Kas v. Mercedes-Benz U.S.A. LLC*, 2011 WL 13234106, at *2 (C.D. Cal. Nov. 8, 2011) (disclosure appropriate where plaintiff's "need for the information outweighs any actual or perceived desire by the individuals to their privacy"); *McArdle v. AT&T Mobility LLC*, 2010 WL 1532334, at *4-5 (N.D. Cal. Apr. 16, 2010) (balance of competing interests weighed in favor of disclosure of potential witnesses' identities and contact information because those individuals "could ... be considered persons having discoverable knowledge," and "witnesses cannot choose to opt out of civil discovery") (internal quotations and citation omitted).

6.   Accordingly, Defendant is ordered to produce the following documents **on or before November 23, 2021**:  (1) its call logs with the telephone numbers for the approximately 4000 prerecorded calls that were placed by Defendant in February 2021; (2) 200 randomly selected consent documents that Defendant contends show that call recipients consented to receive the prerecorded calls.  These consent documents will include names and other contact information for those call recipients; and (3) any written procedures, manuals, handbooks or instructions that Defendant has regarding TCPA compliance.

7.   To address privacy and confidentiality issues, the parties are ordered to agree to a protective order for confidential information exchanged in discovery.  A model protective order can be found on the Procedures and Schedules page of Magistrate Judge MacKinnon on the Central District of California web site.  The stipulated protective order shall be filed by **November 19, 2021** for entry by the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV21-04433-SB-(AFMx)                                                                                 Date:  November 9, 2021

Title       Joanne Bustillos v. West Covina Corporate Fitness, Inc.

8. In addition, the Court establishes the following requirements for contact by counsel with any individuals who received a prerecorded call from Defendant: (1) counsel must inform the potential class member that he or she has a right not to talk to counsel and that, if he or she elects not to talk to counsel, counsel will terminate the contact and not contact that individual again; (2) during the initial communication, counsel must inform the potential class member that the Court has ordered Defendant to disclose their contact information; and (3) any communications to potential class members must be fair and accurate, and must not be misleading, intimidating, or coercive.

9. Regarding the other discovery requests that are the subject of the motion to compel, the Court denies the motion without prejudice. Defendant has been advised, however, that depending on the result of the class certification motion and other developments in the case, Defendant may be required to provide documents and information in response to these requests on a shortened time frame. Thus, it should be prepared for that possibility.

IT IS SO ORDERED.

|  | :54 |
|---|---|
| **Initials of Preparer** | ib |