**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
(*pro hac vice*)
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JOANNE BUSTILLOS, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

WEST COVINA CORPORATE FITNESS, INC., a California Corporation,

Defendant.

Case No. 2:21-cv-04433

Class Action

**PLAINTIFF'S *EX PARTE* APPLICATION TO EXTEND DEADLINE FOR PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND CONTINUE HEARING**

DATE: N/A
TIME: N/A
ROOM: N/A

# NOTICE OF *EX PARTE* APPLICATION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, Plaintiff Joanne Bustillos will and hereby does apply *ex parte* to this Court for an order extending the deadline for Plaintiff to file her Reply in Support of Plaintiff's Motion for Class Certification, presently due on November 30, 2021, and to continue the hearing on Plaintiff's Motion for Class Certification, which is set for December 3, 2021.

**Good Cause**: On October 18, 2021, Plaintiff filed a Motion to Compel Discovery, [DE 29], seeking for Defendant to produce class discovery that Defendant continues to withhold. On October 19, 2021, the parties filed a Joint Stipulation to Extend Class Certification Deadlines, which was granted in part by the Court that same day, [DE 32]. Pursuant to that Order, Plaintiff's Motion for Class Certification was filed on November 5, 2021, and Plaintiff's reply in support of her class certification motion is due on November 30, 2021.

On November 9, 2021, Magistrate Judge MacKinnon held a telephonic hearing on Plaintiff's Motion to Compel, during which the motion was granted and Defendant was ordered to produce certain class discovery by November 23, 2021, [DE 35]. On November 19, 2021, Defendant filed its opposition to Plaintiff's Motion for Class Certification which raises several arguments that directly implicate the discovery documents Defendant was ordered to produce by Magistrate Judge MacKinnon, [DE 39]. Then, the following day, Defendant filed a Motion for Reconsideration of the Magistrate Judge's Order compelling Defendant to produce class discovery, [DE 42].

As of the date of this Application, Defendant has failed to comply with the Order requiring it to produce class discovery. Additionally, Plaintiff had scheduled the continuation of Defendant's 30b6 deposition for November 29, 2021 to cover

the class discovery that Defendant was supposed to produce. However, given Defendant's refusal, that deposition will need to be rescheduled pending a ruling on Defendant's Motion for Reconsideration.

Accordingly, Plaintiff respectfully submits that an extension of the deadline for Plaintiff's Reply in Support of Class Certification, as well as a continuance of the hearing on the Motion for Class Certification should be granted on an *ex parte* basis (given the approaching deadline and hearing) to permit the Court time to address Defendant's continued refusal to participate in the discovery process and produce to Plaintiff discovery needed to address Defendant's challenge to class certification.

**No Prejudice to Defendant**: This Application poses no prejudice to Defendant's interests or ability to defend this action. Conversely, Plaintiff will be prejudice in her ability to address the arguments raised by Defendant in its opposition to the class certification motion, many of which directly implicate the discovery Defendant is withholding, as discussed in detail below.

**Notice to Defendant's Counsel (L.R. 17-9.1) and Defendant's Position**: This Application is made pursuant to Local Rule 17-9.1 after giving notice to Defendant of Plaintiff's intent to proceed *ex parte* for the relief stated herein. Notice was provided through an e-mail and a teleconference with counsel for Defendant, during which counsel indicated that Defendant opposes the requested relief.

**Contact Information for Defendant's Counsel (L.R. 17-9)**: Defendant is represented by the following attorneys, whose contact information is as follows:

Anthony J. Ellrod
aje@manningllp.com
Paul D. Harshaw
pdh@manningllp.com
Manning and Kass Ellrod Ramirez Trester, LLP
801 South Figueroa Street 15th Floor

Los Angeles, CA 90017

This Application is based on this Notice, the Memorandum of Points and Authorities, all pleadings and files in this action, and upon such other oral or written argument as may be requested by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant's strategy of opposing class certification while withholding the very documents Plaintiff requires to rebut Defendant's arguments should not be countenanced. Defendant has generally refused to participate in discovery and has unilaterally limited discovery to Plaintiff's individual claims based on its flawed belief that class certification should not be granted. Magistrate Judge MacKinnon agreed with Plaintiff that Defendant's unilateral bifurcation of discovery was improper and ordered Defendant to produce all class discovery in its possession, including call transmission logs and a sampling of the purported consent forms for the putative class members. Rather than comply with the Magistrate Judge's Order, Defendant filed a lengthy brief challenging class certification and then a separate challenge to the Order requiring it to respond to discovery. Defendant cannot have it both ways, if its position is that class certification should not be granted, the Court should rule on the issue on a complete record, not based on Defendant's untested arguments.

Plaintiff therefore respectfully submits that the deadline for Plaintiff's Reply in Support of Class Certification and the hearing on the Motion for Class Certification should be postponed until the Court rules on Defendant's Motion for Reconsideration, which is set for hearing on **January 7, 2022**. Plaintiff submits that the Court will benefit from a complete record on the class certification issues and should therefore deny Defendant's Motion for Reconsideration, order Defendant to

produce all class discovery consistent with the Magistrate Judge's Order, and permit Plaintiff the opportunity to reply to Defendant's arguments with the benefit of that discovery. Plaintiff therefore respectfully requests entry of this Application and the proposed attached Order.

## II. LEGAL STANDARD

A party seeking *ex parte* relief must demonstrate good cause. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 489 (C.D. Cal. 1995) (to be proper, an *ex parte* application must demonstrate good cause to allow the moving party to "go to the head of the line in front of all other litigants and receive special treatment"). In seeking expedited resolution of a motion, the moving party must show that its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and that it "is without fault in creating the crisis that requires ex parte relief . . . ." *Id*. at 492.

This burden is adequately satisfied in certain circumstances. For example, the use of such procedures "is justified" when "the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Moore v. Chase, Inc.*, No. 1:14-cv-01178-SKO, 2015 U.S. Dist. LEXIS 102028, at *5 (E.D. Cal. Aug. 3, 2015). In contrast, *ex parte* applications are disfavored when they seek to deny "the adversary an opportunity to prepare a thorough opposition (and, if needed, an opportunity for oral argument) according to a predesigned, consistent timetable. Id. at *5-6 (citing *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013)).

Here, the applicable standards favor granting the instant Application as it is Plaintiff, not Defendant, that will be denied the opportunity to prepare a thorough

opposition to Defendant's class certification arguments if the Application is not granted.

## III. ARGUMENT

Defendant's leading argument in opposing class certification is that "plaintiff presents no actual evidence that the class is so numerous that joinder of all members is impracticable[.]" Opp., [DE 39], at 11, 14-15. Assuming Defendant's argument has any merit (it does not) the reason no "actual evidence" has been presented is because Defendant refuses to produce the evidence, even after being ordered to do so by the Magistrate Judge. Plaintiff therefore cannot fully address this argument without the very evidence that only Defendant possesses.

Notably, Plaintiff has sought this evidence, namely, transmission records showing all successful calls to the Class members, not only from Defendant, but also from the third party vendor utilized by Defendant to place the calls. Astonishingly, Defendant has indicated that it will be moving to quash that subpoena to prevent Plaintiff from obtaining the records. Relatedly, Defendant contends that only Class members who received Defendant's solicitations have standing to sue. Opp. at 12-13. But, again, Defendant is withholding the very evidence (the call logs with dispositions showing successful calls) that would directly refute Defendant's argument.

Next, Defendant contends that the proposed class definition is overbroad because it includes Class members who consented to Defendant's calls. Opp. at 13-14. Tellingly, Defendant refuses to produce the purported consent forms that would rebut this argument. Defendant was ordered to produce a sampling of 200 forms by the Magistrate Judge, and has challenged that aspect of the order. Defendant also argues that Plaintiff is not typical because her number was acquired by Defendant through unique circumstances, but refuses to produce any evidence supporting its

argument, for example, consent forms showing that the other class members' numbers were obtained in a different manner than Plaintiff. Instead, Defendant would have this Court simply take Defendant's word on the issue.

Finally, Defendant contends that common issues related to Class member consent do not predominate. Opp. at 19 – 23. Once again, the evidence that would directly address this argument – sample consent forms showing that there are no individualized issues – are solely in Defendant's possession and are being withheld by Defendant. In sum, Defendant cannot have it both ways. It cannot contest class certification based on documents solely in its possession, while withholding the very evidence that Plaintiff needs to rebut those arguments.

Plaintiff therefore respectfully submits that the Court should postpone all pending class certification deadlines to allow the Court to address Defendant's improper withholding of class discovery, and should do so on an *ex parte* basis given the Holiday and upcoming deadlines.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests for the Court to grant the instant Application, postpone the pending class certification deadlines, deny Defendant's Motion for Reconsideration, and permit Plaintiff the opportunity to brief Defendant's arguments on a complete record and not based on Defendant's unsupported arguments.

**WHEREFORE**, Plaintiff Joanne Bustillos, respectfully requests entry of the attached proposed Order granting this Motion, and for such other and further relief deemed appropriate by this Court.

**CERTIFICATE OF GOOD FAITH CONFERRAL**

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 23, 2021. Defendant opposes this Motion and Plaintiff's requested relief.

DATED: November 24, 2021

Respectfully Submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
(*pro hac vice*)
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*