UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-04433-SB-AFM | Date: | December 7, 2021 |
|---|---|---|---|

| Title: | *Joanne Bustillos v. West Covina Corporate Fitness, Inc.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:   ORDER DENYING DEFENDANT'S OBJECTION AND MOTION FOR REVIEW AND STAY OF MAGISTRATE JUDGE'S RULING [Dkt. No. 42]**

  On November 9, 2021, Magistrate Judge Alexander MacKinnon partially granted Plaintiff's motion to compel and ordered Defendant to produce (1) its call logs with the telephone numbers for the approximately 4000 prerecorded calls that were placed by Defendant in February 2021; (2) 200 randomly selected consent documents that Defendant contends show that call recipients consented to receive the prerecorded calls, with names and other contact information; and (3) any written procedures, manuals, handbooks or instructions that Defendant has regarding TCPA compliance.  Dkt. No. 35.  Defendant objects to Magistrate Judge MacKinnon's ruling and asks the Court to reverse the ruling or stay it until after deciding Plaintiff's pending class certification motion.  Dkt. No. 42.

  Under Federal Rule of Civil Procedure 72(a), when there is a timely objection to a magistrate judge's decision on a nondispositive pretrial matter, the district court judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  "[A] magistrate's order is 'clearly erroneous' if,

after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, No. CV-01-10672 PA(VBKX), 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002).

Defendant has not met its burden of showing that Magistrate Judge MacKinnon's decision was clearly erroneous or contrary to law. Defendant's principal argument (which it did not adequately raise before Magistrate Judge MacKinnon) is that Plaintiff is not a typical class representative because she was called by mistake and the other 4,000 calls at issue were made to members or former members of Defendant's gym who had consented to be called. Defendant therefore urges that the ordered discovery is unreasonable and unrelated to Plaintiff's class allegations. Defendant has raised similar arguments in opposition to Plaintiff's class certification motion, but the Court has not yet ruled on that motion, and it would be fundamentally unfair to allow Defendant to defeat class certification based on its representations about the contents of its call logs and the consent of its members while refusing to turn over those documents to Plaintiff as ordered by the Court. Nor is this case like *In re Williams-Sonoma, Inc.*, 947 F.3d 535 (9th Cir. 2020), in which the Ninth Circuit vacated a discovery order where the plaintiff was seeking class discovery for the purpose of finding a class representative in California, since the named plaintiff was subject to Kentucky law that prohibited class actions. Here, Plaintiff argues that she is an adequate and typical representative of the class, and the ordered discovery may be necessary for her to prove her adequacy and typicality.

Because Defendant has not shown that Magistrate Judge MacKinnon's decision was clearly erroneous or contrary to law, its objection and motion for review is **DENIED**. **Defendant shall produce the discovery as ordered by Magistrate Judge MacKinnon no later than noon on December 13, 2021.**