UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-04433-SB-AFM | Date: | January 3, 2022 |
|---|---|---|---|

| Title: | *Joanne Bustillos v. West Covina Corporate Fitness, Inc.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| J. Remigio for Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** ORDER DENYING MOTION TO CERTIFY CLASS [Dkt. No. 34]

After Defendant West Covina Corporate Fitness, Inc. mistakenly entered one digit of its customer's phone number into Defendant's records, Plaintiff Joanne Bustillos received a pre-recorded phone call intended for Defendant's customer. She filed this suit alleging a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, and now moves to certify a class of all recipients of such phone calls (none of whom, other than Plaintiff, appears to have been mistakenly called). Dkt. Nos. 1, 34. The Court finds this matter suitable for decision without oral argument and vacates the January 7, 2022 hearing. Fed. R. Civ. P. 78; L.R. 7-15. Because Plaintiff failed to comply with Local Rule 7-3 and because she is neither adequate nor typical of the class, the Court **denies** Plaintiff's motion.

## I. BACKGROUND

Defendant operates a Gold's Gym in West Covina. Dkt. No. 39-1 ¶ 2 (Decl. of Brian Morris). Jesus Gallegos, a former gym member whose membership had expired, went into the gym in January 2021 and provided his phone number to an

employee, who entered it into his profile. *Id.* ¶ 19. The number entered in the system was one digit off from Gallegos's actual phone number and allegedly belongs to Plaintiff. *Id.* ¶¶ 19–20.

In February 2021, Defendant authorized its marketing agency, Sneeze.It, to send out a one-time pre-recorded telephone message to former members and guests who had expressed interest in joining the gym, inviting them to join or rejoin. *Id.* ¶¶ 3–4. Defendant provided a list of phone numbers to Sneeze.It from individuals in Defendant's database who had provided their telephone numbers when they filled out a guest registration or a contract with Defendant. *Id.* ¶ 5, 15. As part of the registration process, Defendant represents that these individuals had consented to receiving communications from Defendant, including by pre-recorded messages. *Id.* ¶¶ 6, 9–10. On February 20, 2021, Plaintiff received a pre-recorded message on her cell phone from "Gold's Gym West Covina" offering a membership promotion. Dkt. No. 34-2 at 93 of 100 (Decl. of Joanne Bustillos). The message to Plaintiff was one of 3,598 that Sneeze.It attempted to send on behalf of Defendant, of which approximately 1,400 were successfully transmitted. Dkt. No. 56-1 ¶¶ 15–17. Plaintiff does not allege or produce evidence that any of the other messages were sent to wrong numbers.

Plaintiff filed this suit alleging a single cause of action for violation of the TCPA based on Defendant's use of a pre-recorded message to make a non-emergency telephone call to Plaintiff without Plaintiff's prior express written consent. Dkt. No. 1 (Compl.). Plaintiff now moves to certify a class of "[t]he approximate 4,000 individuals in the United States who, on or about February 20, 2021, were sent a call with the same or similar message as [the one sent to Plaintiff]." Dkt. No. 34; Dkt. No. 34-1 at 1.

## II. LEGAL STANDARD

A class action is the exception to the rule requiring a lawsuit to be individually prosecuted. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011). To justify a departure from the rule, the moving party must satisfy a two-part test. First, the plaintiffs must demonstrate through facts rather than allegations that the proposed class satisfies the requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation by the class representatives and class counsel. Fed. R. Civ. P. 23(a); *see Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977) (mere allegations insufficient). Second, the plaintiffs must meet at least one of the three requirements of Rule 23(b). Under Rule 23(b)(3), which Plaintiff invokes here, a class may be

maintained if "questions of law or fact common to class members predominate over any questions affecting only individual members" and if "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The moving party bears the burden of showing Rule 23 is satisfied, *see* Marlo v. UPS, 639 F.3d 942, 947 (9th Cir. 2011), and the reviewing court must rigorously analyze whether that burden has been satisfied, including consideration of the merits when they overlap with the procedural requirements, *Dukes*, 564 U.S. at 350-51.

### III.   DISCUSSION

A.   **Local Rule 7-3**

Defendant first argues that Plaintiff's motion should be denied because Plaintiff did not comply with Local Rule 7-3. That rule provides in relevant part:

> [C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:
>
> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

L.R. 7-3. Plaintiff's motion does not contain the statement required by Local Rule 7-3, and Plaintiff's certificate of conference indicates that she first attempted to confer with Defendant about the motion on November 3, 2021, only two days before she filed the motion, and that defense counsel was traveling and unable to confer. *See* Dkt. No. 34-1 at 19.

As Defendant correctly argues, the Local Rules and this Court's Standing Order provide that motions that do not comply with Local Rule 7-3 may be disregarded, stricken, or denied. *See* L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3[.]"); Standing Order at 8 (emphasizing requirements of Local Rule 7-3 and warning that "[f]ailure by any party to comply in good faith with the 'meet and confer' requirement shall result in

an order to show cause re: sanctions—including, as appropriate, striking or denying the motion, deeming the motion unopposed, and/or awarding monetary sanctions"); *see also, e.g.*, *Ward v. 84 Lumber Co.*, No. CV1210490JGBPLAX, 2013 WL 12415466, at *3 (C.D. Cal. Sept. 19, 2013) ("[T]he Court finds that Plaintiff failed to comply with Local Rule 7-3 and could deny the Motion on this basis alone.").

In her reply, Plaintiff attempts to minimize her failure to comply with Local Rule 7-3 by arguing that it was clear that Defendant would oppose her class certification motion, such that there was no prejudice. Dkt. No. 56 at 1. But the purpose of Local Rule 7-3 is not merely to ascertain whether the other side opposes the motion. As this Court's Standing Order instructs, "[i]f the parties are unable to fully resolve the dispute, they shall attempt to narrow the scope of the contested issue(s)." Standing Order at 8. Moreover, the same Plaintiff's counsel previously filed an application that was stricken for failure to comply with the Local Rules. Dkt. No. 12. Plaintiff's continued disregard for the Court's rules is concerning, and Plaintiff's motion is subject to denial for failure to comply with Local Rule 7-3. However, the motion also fails on the merits, as discussed below.

**B.      Rule 23**

Defendant argues that Plaintiff fails to satisfy the requirements of Rules 23(a) and (b)(3) for numerous reasons. While Defendant's challenges raise serious doubts about some of the other requirements for class certification, Plaintiff's failure to satisfy the typicality and adequacy requirements of Rule 23(a)(3) and (4) suffices to establish that her motion must be denied.

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate. The Rule's four requirements—numerosity, commonality, typicality, and adequate representation—effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." *Dukes*, 564 U.S. at 349 (cleaned up). This is not "a mere pleading standard" but instead requires a moving party "to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Id.* at 350. A trial court may not certify a class unless it is convinced after "a rigorous analysis" that these requirements have been satisfied. *Id.* at 350–51 (citation omitted).

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).

"Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Castillo v. Bank of Am., NA*, 980 F.3d 723, 729 (9th Cir. 2020) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Dukes*, 564 U.S. at 338).

Rule 23(a)(4) requires that the representative party "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate if the named plaintiffs and their counsel are able to prosecute the action vigorously and the named plaintiffs do not have conflicting interests with the unnamed class members. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Because "the typicality and adequacy inquiries tend to significantly overlap," courts often address them together. *James v. Uber Techs. Inc.*, 338 F.R.D. 123, 133 (N.D. Cal. 2021).

Plaintiff argues that she is a typical and adequate representative because everyone in the class shares the same injury from the same pre-recorded calls to which they did not provide express written consent, in violation of the same statute. Defendant responds that the other class members, unlike Plaintiff, were customers or prospective customers who consented to the communications. Plaintiff devotes much of her motion and her reply brief to arguing that the consent provided by the other class members did not satisfy the statutory requirements, but those arguments about the validity of the consents undermine her typicality and adequacy arguments. Because Plaintiff—unlike all or virtually all of the other class members—never signed any agreement consenting to be contacted by Defendant, she has no stake in whether the agreements signed by other class members satisfied the requirements of the TCPA and its implementing regulations, and therefore lacks standing to make any argument about their validity.[1] *Cf. Avilez v. Pinkerton Gov't Servs., Inc.*, 596 F. App'x 579, 579 (9th Cir. 2015) (holding that "[t]he district court abused its discretion to the extent it certified classes and

---

[1] Plaintiff argues that "Plaintiff and each Class member received the same prerecorded message. And since the calls are all commercial in nature, whether they provided their prior express consent to Defendant turns on the same legal standard, as promulgated in 47 C.F.R. § 64.1200(f)[(9)]." Dkt. No. 34-1 at 10. It is undisputed that Plaintiff was called by mistake and had never signed any consent, so resolving her claim—unlike the claims of the other class members—does not require any determination of whether her written consent satisfies the requirements of 47 C.F.R. § 64.1200(f)(9).

subclasses that include employees who signed class action waivers" where the plaintiff was not an adequate or typical representative because "[his] arbitration agreement does not contain a class action waiver and . . . those who signed such waivers have potential defenses that [he] would be unable to argue on their behalf"); accord *Lawson v. Grubhub, Inc.*, 13 F.4th 908, 913 (9th Cir. 2021) (affirming that where all members of putative class except the plaintiff and one other had signed class action waivers, the plaintiff "could not satisfy the requirements in Rule 23(a) because he is neither typical of the class nor an adequate representative, and because the proceedings would be unlikely to generate common answers"). Similarly, Plaintiff lacks standing to seek the injunctive relief for which she pleads because there is no basis to believe Defendant is likely to contact her again, unlike the other class members who have actually been members or expressed an interest in membership at Defendant's gym.

If Plaintiff were to seek certification of a narrower class of individuals who, like Plaintiff, had no relationship with Defendant and received a pre-recorded message because Defendant mistakenly recorded a wrong phone number in its system, Plaintiff would likely be a typical and adequate representative. But she produces no evidence—nor even suggests—that *any* other person who received the pre-recorded message was similarly situated, much less that Defendant entered enough wrong numbers to satisfy the numerosity requirement of Rule 23(a)(1). Instead, Plaintiff seeks to represent a class of people who, unlike Plaintiff, provided their phone numbers to Defendant and consented to be contacted (although Plaintiff seeks to dispute the sufficiency of their consent under the TCPA). Because Plaintiff is entirely atypical of the class she seeks to represent and would be an inadequate representative who is unable to argue the central issues governing Defendant's liability under the TCPA to the other class members, she has not met her burden to establish that Rule 23(a) is satisfied.

In her reply, Plaintiff summarily "requests that the Court allow substitution of the named Plaintiff" if she is found to be an atypical representative. Dkt. No. 56 at 8. Plaintiff does not identify any other individual who seeks to substitute as a named Plaintiff. Nonexpert discovery has closed, and the class certification deadline—which the Court already extended at Plaintiff's request—has passed, as has the deadline for amending pleadings or adding parties. Dkt. Nos. 25, 32, 47. Plaintiff has been on notice of her atypicality since the outset of the case and has not shown good cause to extend the deadlines in the case management order or to allow an amendment under Rule 16. Accordingly, Plaintiff's request to allow substitution is **denied**.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for class certification.